KNOLL, Judge.
The Allen Parish Coroner, James L. Low-ry, M.D., filed suit against the City of Oak-dale to collect statutory fees and reimbursement for necessary expenses incurred in connection with his investigation of certain deaths in the City of Oakdale during 1979 and 1980. After the defendant filed a peremptory exception of nonjoinder of an in-dispensible party, plaintiff supplemented his original petition to include the Allen Parish Police Jury as a party defendant and amended his original demand to properly reflect that the sum owed amounted to $3,585.00. The defendants answered the original and supplemental petition. In its answer the City of Oakdale particularly asserted that the plaintiff had not presented his fees in accordance with LSA-R.S. 33:1558 and other pertinent statutes.
*237 In the course of the trial Dr. Lowry stated under direct examination that the Allen Parish Police Jury did not owe him any fees or expenses in his capacity as coroner. After the trial on September 14, 1981, the district judge took the matter under advisement. On April 8, 1982, judgment was rendered in favor of Dr. Lowry and against the City of Oakdale for $3,585.00 together with legal interest from the date of judicial demand. From this adverse judgment the City of Oakdale has perfected a suspensive appeal.
James L. Lowry, M.D., is the elected coroner of Allen Parish, having served in this capacity since 1976. Prior to 1976, he worked as the Deputy Coroner of Allen Parish under the supervision of Dr. Rigsby Hargrove.
Between January 16, 1979, and August 28,1980, Dr. Lowry submitted nine itemized bills covering coroner’s fees and expenses. These nine billings included his investigation of thirty (30) deaths which occurred within the City of Oakdale.
Since January 1, 1980, Dr. Lowry has received a coroner’s salary from the Allen Parish Police Jury in the amount of $900.00 per month. Prior to that date he did not receive a monthly salary.
Appellant asserts two basic issues: (1) Is the Allen Parish coroner entitled to receive payment of fees set out in LSA-R.S. 33:1558 and necessary or unavoidable expenses from a parish municipality in addition to his monthly salary paid by the police jury? and, (2) What certification requirements did the Allen Parish coroner have to comply with to justify his expenses as being necessary or unavoidable under the provisions of LSA-R.S. 33:1558(A) and R.S. 33:1563?
CORONER’S FEES AND EXPENSES
The general provision pertaining to the coroner’s collection of fees and necessary expenses is embodied in LSA-R.S. 33:1558(A). At the time Dr. Lowry’s charges were incurred[1] LSA-R.S. 33:1558(A) stated in pertinent part:
“The coroner, outside of Orleans Parish, Jefferson Parish, and Ascension Parish, shall receive for every investigation, twenty dollars; for viewing bodies and issuing necessary papers and reports, twenty dollars; for the performance of an autopsy a fee of not less than one hundred dollars, or not in excess of one hundred fifty dollars, at the discretion of the policy jury; .. These amounts are in addition to any necessary expenses that may be incurred. All necessary or unavoidable expenses, including supplies incident to the operation and functioning of the coroner’s office shall be paid by the parish, when such expenses shall be certified to, as being necessary or unavoidable, by the coroner. The police jury shall pay the fees and expenses for the coroner’s cases when the death occurs in the parish outside of a municipality or incorporated town, .. The municipality or incorporated town shall pay the fees and expenses of coroner cases of death, including burial of city and town paupers, when the death occurs in the corporate limit.”
R.S. 33:1558(A) provides in three parts: (1) a fee schedule setting forth amounts the coroner is to receive for performing particular tasks; (2) a policy statement that the statutory fees are to be paid in addition to any necessary expenses that may be incurred; and, (3) a set of rules for the determination of parochial or municipal liability for the payment of such fees and necessary expenses; succinctly stated: the police jury is liable for payment when the death occurs in the parish, but outside of a municipality or incorporated town; the municipality or incorporated town shall pay when the death occurs within its corporate boundaries.
*238 With regard to the coroner’s right to collect the “fees” designated in LSA-R.S. 33:1558(A) there exists one limitation as provided by LSA-R.S. 33:1556:
". .. If the police jury fixes the salary of the coroner, as parish physician, such salary shall be in lieu of all fees fixed in R.S. 33:1558.”
Appellant bases his first argument on this exception.
Since Dr. Lowry was paid a fixed salary from the Allen Parish Police Jury, LSA R.S. 33:1556 precludes him from receiving the coroner’s statutory fees on those deaths which occurred after January 1, 1980. R.S. 33:1556 is clear and unambiguous on this point. Its language is applied as written.
Between January 1, 1980, and August 26, 1980, Dr. Lowry submitted bills for eighteen deaths in Oakdale:

*239

R.S. 33:1556 mandates the elimination of the statutory fees from Dr. Lowry’s 1980 bills. This elimination reduces the collectable amount for 1980 to $1,645.00.
For those bills prior to 1980 we hold that Dr. Lowry is entitled to collect the statutory fees as set out in LSA-R.S. 33:1558. This decision is reached since the coroner did not receive a fixed salary from the police jury for 1979. However, on two occasions Dr. Lowry has exceeded the statutory fee schedule in 1979. His invoices indicate:

These two charges reflect a total of seven (7) extra hours of investigation. The fee for each investigation, regardless of the number of hours involved, is set at $20.00 in R.S. 33:1558(A). The last paragraph of R.S. 33:1558(A) provides:

“Notwithstanding any provisions of the preceding paragraph of this Section, the affirmative approval of the governing authority of the parish shall be required for the coroner to charge more than five dollars on any fee for which a charge of 
*240
ten dollars is listed above, more than ten dollars on any fee for which a charge of twenty dollars is listed above or more than one hundred dollars for the performance of an autopsy.”

Subsection D of R.S. 33:1558 states:
"... [T]he rate of any and all fees for coroner's services assessed to municipalities by this Section shall be set by the governing authority of the municipality so assessed; these rates are not to exceed the limitations as set forth in Subsection A hereof....”
The language of these two sectional parts provides a method for having the coroner’s statutory fee supplemented in particular instances by obtaining affirmative approval for the increase from the appropriate governing authority. The record does not reflect that affirmative approval was obtained for the increased fees. The coroner’s December bill indicates that he charged the sum of $50.00 per hour for the additional investigative work. We therefore reduce the May 12 and December 15 charges by $200.00 and $150.00 respectively. In each instance we substitute the $20.00 statutory fee to be paid in addition to his necessary and unavoidable expenses.
. After applying the statutory limitations the coroner’s bill to the City of Oakdale totals $2,375.00. This sum represents the pre-1980 statutory fees and the amount for necessary and unavoidable expenses for 1979 and 1980.
NECESSARY & UNAVOIDABLE EXPENSES
LSA-R.S. 33:1558(A) provides that the municipality shall pay the coroner’s necessary and unavoidable expenses “when such expenses shall be certified to, as being necessary or unavoidable, by the coroner.”
LSA-R.S. 33:1559 states:
“Nothing in R.S. 33:1555 through R.S. 33:1561 shall be construed as prohibiting the payment by parish or municipal authorities of all necessary or unavoidable expenses properly certified to as necessary or unavoidable by the coroner.”
LSA-R.S. 33:1563 reads in part:
“The parish, city, or town within which the investigation or autopsy is held shall pay the expenses thereof, with the coroner’s fees, when the coroner makes out an account of the expenses, and certifies under oath that the charges are not more than allowed by law.... ”
The appellant contends that the coroner is prohibited from demanding payment from the municipality of his charges until certification occurs.
At trial Dr. Lowry testified as follows:

“Q. Dr. Lowry, do you, under oath, tell us that these expenses are certified to us that these expenses are necessary for the investigations which you perform?

A. Yes, I do.”

Although the coroner’s certification is required, a close reading of the applicable statutes reveals no reference to the time when certification must occur. Dr. Lowry testified that in the past, even though he had not certified his charges, the City of Oakdale had always paid his bill. He further stated that the coroners who preceded him had not followed the certification procedure. Since the statute does not specify the time for certification, we cannot say that Dr. Lowry’s certification under oath at trial is remiss.
The record reflects that Dr. Lowry outlined in numerous instances the items which comprised his necessary and unavoidable expenses. The Allen Parish coroner does not have a separate medical facility. He utilizes his own automobile for his coroner's work. .The staff from his private medical practice prepares the paperwork required by his coroner’s investigations. Dr. Lowry stated:
"... The necessary expenses, of course, among other things, include a vehicle, maintenance of the vehicle, gasoline, insurance for the vehicle, an office. Of course, I realize that it’s partial use of these vehicles, partial use of the office, but nevertheless, if I didn’t have these things, I couldn’t operate. If I didn’t have the partial use of them, so its the *241 office, the secretaries; the typewriters, the copying machines, the supplies, etcet-era."
U * * * t)

“Q. Does this also include such items as books for keeping up with pathelogical findings? Do you subscribe to any pathelogical journals?

A. It includes coroner’s conventions, books in reference to forensic medicine, articles that I receive concerning coroner's work and, of course, the expense of these and the time spent on these.

Q. Do you feel that all of these things are necessary in your function as coroner?

A. That’s correct.

Q. Dr. Lowry, do you, under oath, tell us that these expenses are certified to us that these expenses are necessary for the investigations which you perform?

A. Yes, I do."

The nature of the coroner’s office necessitated that necessary and unavoidable expenses would be incurred. The legislature makes it abundantly clear in R.S. 33:1559 that nothing in the applicable statutes is to be construed as prohibiting the payment of all necessary and unavoidable expenses. In view of Dr. Lowry’s responsibilities, obligations, and time, we find that his expenses are reasonable and necessary for the function of the parish coroner. Therefore, we find that Dr. Lowry did certify that his expenses were necessary and unavoidable.
For the foregoing reasons:
IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the trial court in the amount of $3,585, be and the same is hereby amended, and accordingly, that there be judgment herein in favor of plaintiff, Dr. James L. Lowry, and against the City of Oakdale in the sum of $2,375, plus legal interest thereon from date of judicial demand.
All costs of these proceedings are assessed against the defendant.
AMENDED AND AFFIRMED.

. Effective August 1, 1981, Acts 1981, No. 678 amended R.S. 33:1558(A) to increase the fees from five to ten dollars, from ten to twenty dollars, from twenty to thirty dollars, from twenty-five to two hundred fifty dollars, from one hundred to two hundred fifty dollars, and from one hundred fifty to three hundred fifty dollars.