Dear Dr. Falterman:
This office is in receipt of your request for an opinion of the Attorney General in regard to activities and salaries for your investigators who are trained in law enforcement and emergency medicine. You indicate one of the physicians who was a deputy coroner resigned and you have not been able to find a replacement. Accordingly, you have deputized the three investigators, and while they are not physicians, they are experts in investigative techniques. You also point our Iberia Parish Council has established a salary of $30,000 per year for the coroner, $12,000 for deputy coroners, and $9,600 for investigators.
You ask the following questions:
 1. Can these investigators conduct interviews, fill papers and sign the order for protective custody which will enable you to efficiently serve the mental health people in the parish, and;
 2. Can you charge the municipalities a $50 fee for investigation of a death, including the issuance of the necessary papers, and a $50 fee for viewing the bodies as stated in R.S. 33:556 in order to increase the salary of the deputy coroners and investigators where the Parish government is responsible for the salaries.
R.S. 33:1555 authorizes the coroner to appoint one or more deputy or assistant coroners and any necessary secretaries, stenographers, clerks, technicians, investigators, official photographer or other helpers. The statute provides a deputy or assistant coroner "shall possess the same qualifications as the coroner".
In Atty. Gen. Op. No. 90-105 in answer to the question if a Parish Coroner, who was a certified medical doctor, could appoint an assistant coroner who was not a medical doctor, this office recognized by the constitution and statutes a lay person can serve as coroner only if no licensed physician will accept the office, and it was reasoned if the assistant or deputy coroner must possess the same qualifications as the coroner, then only in extraordinary circumstances where no licensed physician accepts the office thereby requiring that a layman serves as coroner that a layman can serve as deputy or assistant coroner.
In answer to the question if an assistant coroner who was not a certified medical doctor could "sign all forms for examinations, commitment, emergency certificates, etc., that the coroner has", it was further concluded a layman assistant or deputy coroner does not have legal authority to sign such legal process when the coroner himself is a medical doctor.
It would follow if the layman assistant coroner cannot sign these necessary forms than the investigators cannot sign the order for protective custody. This is consistent with the directives of R.S. 28:53.2(A) which provides, "Any parish coroner or judge of a court of competent jurisdiction may order a person to be taken into protective custody and transported to a treatment facility or the office of the coroner for immediate examination when a peace officer or other credible person executes a statement under private signature specifying that, to the best of his knowledge and belief, the person is mentally ill or suffering from substance abuse and is in need of immediate treatment to protect the person or others from personal harm". The provision further provides in paragraph B, "The order for custody shall be in writing, in the name of the state of Louisiana, signed by the district judge or parish coroner * * *."
You ask in your second question if you can charge the suggested $50 fee for the investigation and issuance of the necessary papers, and the $50 fee for viewing bodies to the municipalities when the service occurs within a municipality. We feel the answer to your question is controlled by R.S. 33:1556(A)(5) as interpreted by the court in Lowry v. City of Oakdale,429 So.2d 236 (La.App. 1983).
Lowry filed suit against the parish and city to collect the statutory fee and reimbursement for necessary expenses in connection with his investigation of certain deaths in the City, acknowledging that the Parish Police Jury did not owe him any fees. Beginning Jan. 1, 1980 the coroner was placed on a salary from Allen Parish Police Jury. The court found the general provisions pertaining to the coroner's collection of fees and necessary expenses was embodied in R.S. 33:1558(A) (now 1556(A)). It was noted that the statute makes provisions in three parts: (1) a fee schedule; (2) fees are to be paid in addition to any incurred expenses; and (3) a set of rules for determination of parochial or municipal liability for the payment of such fees and expenses. However, the court declared that the coroner's collection of fees was limited by the further directive, "The provisions of this subsection shall only apply to coroners on a fee basis". Since the coroner was paid a fixed salary from the Allen Parish Police Jury, it was held he was precluded from receiving the coroner's statutory fees from the City on those deaths which occurred after Jan. 1, 1980 when the salary payment became effective, finding the statute clear and unambiguous on this point.
In answer to your second question, we believe we must follow this court's conclusion which denied the coroner recovery from the city.
However, as recognized in the Lowry case, R.S. 33:1556 sets forth rules for the determination of parochial or municipal liability for the payment of fees and expenses of the coroner in regard to death cases. We would question if the declaration of the legislature that the fee schedule has no application for a coroner on a salary relieves the municipality of all liability for the payment of "fees" that would otherwise be its responsibility. Since the salary is being paid by the parish, in those instances where the liability for a fee would be that of the municipality, it would seem there should be some reimbursement by the municipality to the parish for what the municipality would have been otherwise been liable for as a fee without the salary payment by the parish.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR