Dear Doctor LeBlanc:
This office is in receipt of your request for an opinion of the Attorney General in regard to fees to be paid a coroner. You indicate you are paid a monthly salary by the Parish and you ask if you may also charge a fee for services rendered for certain duties such as orders for protective custody (O.P.C.), coroner's emergency certificates (C.E.C.), and attendance at autopsies.
In Lowry v. City of Oakdale, 429 So.2d 236
(La.App. 1983) the court observed that R.S. 33:1558, redesignated to R.S. 33:1556 by Act 570 of 1984, made provisions in three parts: (1) a fee schedule; (2) that fees are to be paid in addition to any incurred expenses; and (3) a set of rules for determination of parochial or municipal liability for the payment of such fees and expenses.
R.S. 33:1556, entitled "Fees for coroner's services", designates in Paragraph (A) the fee schedule for various services performed by a coroner. These fees cover the following services in (A)(1): a) investigation, including issuing necessary papers and reports; b) viewing bodies; c) performance of anautopsy; d) attendance or testimony in any case in court matters arising from his official duties; and e) for papersissued in interdiction or commitment cases. Additionally, (A)(2) allows a fee of fifty dollars for attending or assisting in interdiction or commitment cases; and (A)(3) provides for a reasonable fee as agreed upon by the coroner and the governing authority for any physical or mentalexamination or investigation requested by the districtattorney, judge, sheriff, chief of police orresponsible citizen in an emergency. (A)(4) directs that these amounts shall be in addition to any necessary expenses incurred. Significant to your question, (A)(5) provides, "The provisions of this Subsection shall only apply to coroners on a fee basis."
This office has concluded in Atty. Gen. Op. No. 95-111 that the directive that the salaried coroner cannot receive the fees of the subsection is only in regard to those fees of Paragraph (A) of R.S. 33:1556 and not those fees set forth in other statutes such as those set forth in the Code of Criminal Procedure.
However, R.S. 33:1556(A) does set forth fee payments for "performance of an autopsy", for papers in commitment cases, and for examinations requested by the district attorney, judge, sheriff, chief of police or responsible citizen in an emergency, and these fees cannot be paid to a salaried coroner.
In Re M.W., (La.App. 1994) the court observed that R.S. 28:1 provides the procedure for involuntary admission, commitment and treatment. Under R.S. 28:53 any physician or psychologist may execute an emergency certificate, or a Physician's Emergency Certificate (P.E.C), after an examination of a person alleged to be mentally ill or suffering from substance abuse. The P.E.C. constitutes legal authority to transport the patient to a treatment facility and permits detention for diagnosis and treatment up to fifteen days. After admission under an emergency certificate, within 72 hours the coroner of the parish where the facility is located shall examine the individual as a requirement for continued confinement, and the coroner shall execute a coroner's emergency certificate (C.E.C.). Under R.S. 28:53.2 the parish coroner is authorized to issue an order of protective custody at the request of a competent individual to have a person in his parish transported to a treatment facility. This office has pointed out in Atty. Gen. Op. No. 94-119 that the coroner is entitled to the fee for the service of "either" the initial examination or the second examination, whichever he performed. He cannotperform both, and if salaried he cannot obtain the fees for papers for commitment of $50, or an agreed upon fee for a physical or mental examination in an emergency as an Order for Protective Custody.
Since there are numerous statutes in regard to services to be performed by a coroner, we will not attempt to set forth every provision for which a coroner can be compensated, but will simply reaffirm the conclusion that a salaried coroner may not receive the fees established in R.S. 33:1556(A), but this prohibition would not apply to other services.
We hope this sufficiently answers your inquiry, but if we can be of further assistance please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General