Dear Dr. Falterman:
On February 16, 1995, this office issued Attorney General Opinion No. 95-38 to you, as coroner for Iberia Parish, regarding whether you could collect the coroner's fees set forth in La.R.S. 33:1556(A)(1)-(4). Relying on La.R.S. 33:1556(A)(5) and Lowry v. City of Oakdale,429 So.2d 236 (La.App. 3d Cir. 1983), we concluded that a coroner compensated solely by a salary could not collect those fees. Neither Opinion 95-38 nor the Lowry case addressed whether a salary and fee coroner can collect the fees set forth in La.R.S. 33:1556(A)(1)-(4).
There are three different methods of compensating coroners: a salary, a salary plus fees, or fees alone. In deciding "who determines whether a particular coroner will be compensated with fees only, a salary only, or a combination of the two," the Louisiana Supreme Court has determined that "this decision has always been, and continues to be, at the discretion of the parish governing bodies." Carriere v. St. LandryParish Police Jury, 707 So.2d 979, 983-84, 1997-1914 (La. 3/4/98). According to your opinion request, the Iberia Parish governing authority designated you as a salary and fee coroner and you question if, as such, you can collect the fees provided in La.R.S. 33:1556(A)(1)-(4). If so, you question if you may collect the fees from the municipality where the death occurred.
In Carriere, the Louisiana Supreme Court concluded that,
 "Reading § 1559 in conjunction with § 1556, it appears that there are two types of fee-based coroners: those who are paid a salary plus fees and those that are paid fees only. Coroners compensated in either of these manners can collect the fees per service listed in § 1556(A), and only when it is contemplated that a coroner will be compensated exclusively with a salary is he excluded from application of § 1556(A)." *Page 2 
Carriere at 983.[1] Accordingly, it is the opinion of this office that because you have been designated a salary and fee coroner by the governing authority of Iberia Parish, you may collect those fees listed in La.R.S. 33:1556(A)(1)-(4) without violating La.R.S. 33:1556(A)(5).
Turning now to whether a salary and fee coroner should collect the fees set forth in La.R.S. 33:1556(A)(1)-(4), from a municipality or the governing authority for the parish, the answer will depend upon the facts and circumstances surrounding each situation. La.R.S. 33:1556(D) (E) provide you with the following guidelines:
 First, when a death is due to natural causes, coroner's fees, including cost of transporting the body, shall be paid by the municipality in which the deceased was domiciled. If deceased was domiciled in the parish, but outside of a municipality, the coroner's fees shall be paid by the parish.
 Second, when a death is due to something other than natural causes, the coroner's fees and expenses, including the cost of transporting the body, shall be paid by the municipality in which the crime occurred or by the parish if the crime occurred in the parish but outside of a municipality.
 Third, if the coroner of a parish where the death occurred initially views the body or investigates the death, the fees due to the coroner shall be paid by the parish or municipality in which the death occurred. This is an exception to the rule of 33:1556(E) that all coroners' fees in natural death cases be paid by the political subdivision of domicile rather than place of death. Atty. Gen. Op. No. 90-235.
Based on the foregoing information, it is the opinion of this office that you may, as a salary and fee coroner, collect the fees listed in La.R.S. 33:1556(A)(1)-(4), but the facts and circumstances of each death will determine whether the fees are to be collected from Iberia Parish or a municipality. *Page 3 
We hope this opinion adequately responds to your request. If we can be of further assistance to you, please do not hesitate to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: _________________________ TINA VICARI GRANT Assistant Attorney General
 CCF, jr./TVG/dam
[1] We note that La.R.S. 33:1559, which the Carriere court considered in reaching its decision, has since been repealed. However, there has been no change in the law subsequent to the repeal to reflect a different compensation scheme for coroners. See Atty. Gen. Op. No. 04-0134.